# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC.,<br><br>Debtor.<br>_____<br>U LOCK INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE BIROS,<br><br>Defendant. | Case. 22-20823-GLT<br><br><br><br><br><br><br><br>Adv. No. |

## COMPLAINT

AND NOW COMES the Plaintiff, U Lock Inc., by and through its undersigned counsel, and files this, its Complaint based on automatic stay violations:

### I. Parties

1. The Plaintiff is U Lock Inc., a Pennsylvania corporation ("U Lock").

2. Defendant Christine Biros, an individual, resides at 435 Millers Lane, Plum Borough, Pennsylvania ("Biros").

### II. Jurisdiction and Consent to Final Entry

3. This Court maintains jurisdiction to award sanctions, damages, and attorney fees for automatic stay violations pursuant to 11 USC 362(k). *See In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3d Cir. 1990)(holding that while statute "refers to an individual, the section has uniformly been held to be applicable to a corporate debtor"). In addition, this Court maintains jurisdiction pursuant to 11 USC 105 to find contempt for the automatic stay violations.

4. It is appropriate for this Court to render equitable, injunctive, and declaratory relief pursuant to Federal Rule of Bankruptcy Procedure 7001(7) and (9) and 28

USC 2201 and 2202.

5. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2).

6. U lock consents to the entry of a final order or judgment by the United States Bankruptcy Court.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

### III. Pre-bankruptcy background

8. In July 2015, Biros provided a loan to U Lock in the amount of $325,000 so it could purchase a property at 14140 U.S. Route 30, North Huntingdon, Pennsylvania. Biros had Kash Snyder sign a note that stated: "This loan agreement between U Lock Inc. (borrower) a Pennsylvania corporation and Christine Biros (lender) and/or Guarantor collateralized from S+T bank for the sum of $325,316.00 the terms + conditions of the payment will be agreed upon on or before 8/16/15. Lender will set terms if agreement is not settled by that date. Kash Snyder, Director, U Lock Inc. 7/16/15." *See* Exhibit A.

9. The terms of the so-called loan were never agreed upon.

10. Disputes arose and Biros proceeded to the Court of Common Pleas of Westmoreland County seeking to invalidate the deeds stating that the corporation did not exist at the time they were issued.

11. In 2018, new deeds were issued to U Lock by the seller of the property and those deeds were filed with the Recorder of Deeds.

12. In 2019, to be left out of the lawsuit, the sellers of the property paid $10,000 to Biros and placed deeds into the vault of the Court of Common Pleas premised on the contingent assertion that the entire transaction to U Lock was *void ab initio*.

13. The Court of Common Pleas found the 2018 deeds to be valid conveying ownership of the property to U Lock. However, as a result of "questions about" U

Lock's insolvency and alleged inability to pay the money back to Biros, the Court formed a constructive trust in her favor. *See* Exhibit B.

14. U Lock appealed.

15. On May 21, 2021, the Superior Court of Pennsylvania affirmed the judgment creating a constructive trust in favor of Biros due to non-reimbursement. *See* Exhibit C.

16. However, the Superior Court of Pennsylvania's judgment was never remitted to the Court of Common Pleas or placed onto the lower court docket in the underlying case because U Lock filed a timely petition for review to the Pennsylvania Supreme Court. *See* Exhibit D   The Superior Court similarly designated the case as "active/decided." *See* Exhibit E.

17. On January 19, 2022, the Pennsylvania Supreme Court denied discretionary leave to appeal the decision of the Superior Court. However, the decision was never remitted to the Court of Common Pleas or placed onto the court docket in the underlying case because the time to seek a rehearing remained. *See* Exhibit F.

18. Because neither the Superior Court of Pennsylvania nor the Pennsylvania Supreme Court remitted the record, the trial court was not properly able to proceed. *See*, e.g., Pennsylvania Rule of Appellate Procedure 1701(a).

19. Nevertheless, without any form of notification to the parties, Biros, through the paralegal to William Otto, Esq., immediately contacted the law clerk to the Court of Common Pleas judge and engaged in an off the record dialogue.

20. Apparently the Court, through the law clerk, invited Biros to submit a "unilateral" Order,[1] which occurred immediately and without notice to U Lock.

---

[1] U Lock referred to it as an *ex parte* Order, but the Court of Common Pleas objected to the term and phrased it as "unilateral."

21. Despite none of the appellate Orders being lodged on the docket below because the cases were still active in the higher courts without the record remitted, on January 20, 2022, just a day after the Supreme Court denied review, the Court of Common Pleas entered a unilateral Order that provided Biros with the deeds that were in the Court's safe. On January 24, 2022, the Court of Common Pleas docketed the so-called "unilateral" January 20, 2022 Order. *See* Exhibit G.
22. Neither Biros nor the Court provided any notice to U Lock of the entry of the Order.
23. On or about January 25, 2022, Biros filed the deeds from the Court's safe with the Recorder of Deeds for Westmoreland County. The deeds incorrectly imply that all deeds were void, when only the 2015 deeds were inferred to be void, and the 2018 deeds were stated to be valid. *See* Exhibit H.
24. Oblivious to what occurred in the Court of Common Pleas as a result of not receiving any form of notification, on February 2, 2022, U Lock filed an Application Pursuant to Pa.R.A.P. 2572(c) to Stay Remand of Record Pending US Supreme Court Review with the Supreme Court of Pennsylvania. *See* Exhibit I.
25. On February 15, 2022, Biros responded and stated that if the stay requested occurred, U Lock should pay the property taxes since it possesses the property. Biros never mentioned that they obtained the unilateral Order without notice to U Lock or transferred the deeds. *See* Exhibit J.
26. Having no idea that Biros obtained the Order from the Court of Common Pleas, U Lock did not reply to the request for a requirement that the property taxes be paid for. In other words, U Lock believed it still owned the property. Had U Lock known that Biros filed deeds, it would have objected to the request that it pay

property taxes.

27. On March 16, 2022, the Supreme Court of Pennsylvania granted U Lock's request for a stay but stated that U Lock needs to pay the property taxes. *See* Exhibit K.

28. On or about the same day that the Supreme Court of Pennsylvania granted the stay, while preparing the prospective United States Supreme Court petition for *certiorari,* counsel for U Lock pulled the Court of Common Pleas docket to prepare for the petition and learned of the "unilateral" Order entered without notice to it.

29. On March 17, 2022, U Lock immediately filed a motion asking that the Order be vacated or that it obtain permission to file an appeal *nunc pro tunc* as a result of not being served with it. *See* Exhibit L.

30. A hearing was set for April 22, 2022, on the motion.

31. On April 16, 2022, Biros mailed U Lock a Petition for Possession and a Motion for Sanctions. U Lock did not receive the document until April 19, 2022. Biros scheduled the petitions to be heard on April 22, 2022. Even though she served the judge and the parties, Biros never lodged either of these motions on the docket with the Court of Common Pleas. *See* Exhibit M and N. To date the petition for possession and the motion for sanctions are not on the public record.

32. The Motion for Sanctions sought attorney fees for making certain arguments against U Lock Inc. and its counsel.

33. U Lock filed preliminary objections on April 21, 2022, to the Petition for Possession. *See* Exhibit O.

34. At the hearing on April 22, 2022, the Court of Common Pleas took the matters under advisement and directed certain evidence to be lodged by Biros relating to

the attorney fees request. The Court specifically advised Biros that a ruling would not occur that day. See Exhibit P.

### IV. The bankruptcy and the stay violations

35. In late April, 2022, Shanni Snyder filed an involuntary bankruptcy case against U Lock creating an automatic stay of the civil proceedings..

36. Based on information contained in her brief to this Court, Shanni Snyder personally served the Court of Common Pleas judge with the Notice of Bankruptcy on May 12, 2022.

37. According to Biros, "A follow-up hearing [in the Court of Common Pleas] was scheduled for May 13, 2022 but was cancelled following the Petitioner's filing of the involuntary petition in this Case and her filing of a suggestion of bankruptcy in the State Court Case on May 12, 2022." See In re U Lock, Case 22-20823, Entry 14, page 6, Paragraph 24 of Biros' Expedited Motion.

38. On May 13, 2022, apparently in response to the bankruptcy notice and learning the hearing was cancelled, the Court of Common Pleas entered three Orders: First, he gave possession of the 14140 U.S. Route 30 property to Biros along with a levy on all of U Lock's assets and possessions to pay for removal of rubbish, trash, and used cars. See Exhibit Q. In addition, the judge ordered a modification to the caption. Third, the court denied without explanation U Lock's motion to vacate the January 20, 2022, Order and denied leave to appeal *nunc pro tunc*. See Exhibit R.

39. On May 18, 2022, Biros, instead of asking the Court of Common Pleas to vacate the *void ab initio* Orders and stay the case, through her counsel, wrote to the Court of Common Pleas and stated:

> By letter dated May 11, 2022, I informed the below listed counsel of my intention to present additional evidence to you concerning motions in

> the above-captioned matter on May 20, 2022 at 9:00 a.m. or at such other time as you may direct.
>
> As you are probably aware, an Involuntary Chapter 7 Petition has been filed against U Lock Inc. by Shanni Snyder. Accordingly, the automatic stay provided by the Bankruptcy Rules stays any action against U Lock during the stay. However, one of my motions before you is a request for sanctions not only against U Lock, but also against J. Allen Roth, Esq., and George Snyder and Kash Snyder. Since none of those individuals are affected by the Involuntary Chapter 7 filing against U Lock, I ask that you consider my Motion for Sanctions against those three individuals.

*See* Exhibit S.

40. On May 20, 2022, Biros filed an emergency motion to annul the stay in the bankruptcy case.

41. Also on May 20, 2022, Biros appeared at the Court of Common Pleas on a hearing that she scheduled, but stated in her scheduling it would not pertain to U Lock.

42. Despite this, at the beginning of the hearing, Biros began by complaining that U Lock did not provide information about the cars on the site and did not pay the property taxes notwithstanding Biros' position that U Lock did not own the property.

43. While initially Biros acknowledged there was an automatic stay as to all things U Lock, when counsel for U Lock stated it believed a stay existed, the state court stated, "Well, if I disagree with that and I enter an order to that effect, obviously you can have it reviewed by the bankruptcy court judge, who then could, under the supremacy clause, indicate to the state court that an order issue suspending that possession. But I think you're going to have to establish with the Western District Bankruptcy Court a precedent that indicates that or something statutorily that applies under U.S. Code 11 Subsection 362 that is a mandate that applies to a state enforcement of prior conduct which is completed before the bankruptcy

begins. That's the dilemma. It's the timing of when the bankruptcy began. I think you would be correct here if this thing started prior to my April – I believe 22nd Order of Court. If it was prior to the April 22nd Order of Court of 2022, then you would have standing to say I'm automatically stayed. This came in six days after that order went into effect. * * * And you don't have an appellate order by mandamus or king's bench that says I must stay the allowance of the state action below because all the appeals are exhausted." *See* Exhibit T (Transcript).

44. Instead of correcting the state court that there was no April 22, 2022, Order, and that the Order was May 13, 2022, and instead of advising the state court that a stay existed and that Biros filed a motion for relief from the stay, Biros specifically asked the Court, "**Your Honor, if you issue such an order, that would help us in the bankruptcy court.**" *Id.*

45. When the court appeared confused as to the extent of the stay and stated, "I'm going to take this all under advisement. I am going to look into the bankruptcy U.S. Code Title 11 Subsection 362 to see if there's anything binding by the supremacy clause as to events that transpired before the bankruptcy. Because that's the real issue. And if it does bind me and I don't have authority and/or jurisdiction, then I'll agree with your automatic stay and I'm done. But if there's not, then I think that the Court will find that the April 22nd, 2022, Order of Court can still proceed because the bankruptcy came afterwards." *Id.*

46. Instead of informing the state court that the bankruptcy created an automatic stay, which at first she seemed to admit, she jumped on the attempt to evade the stay having her attorney tell the Court, "Your Honor, there is a recent change to the bankruptcy code. I'm not a bankruptcy attorney, so I don't have the citation. But it relates to stays or the impact of stays on expired leases. The reason for

the change was that when a tenant's lease expired, a tenant would often file a bankruptcy petition to delay their eviction process. So, the change in the bankruptcy code provided that if the lease has expired, then the automatic stay does not apply to efforts to regain possession. I don't know the extent to which that applies in this situation, but it is certainly an analogous case where the debtor or U Lock has no right to the property." *Id.*

47. The state court then asked the question, "So the question is, does that escape the automatic stay of the bankruptcy and is permissibly permitted in the form of an eviction for possession? [Biros through Attorney Otto] is saying even after a bankruptcy is filed under a landlord/tenant type lease expired, the automatic stay doesn't apply. I'm concerned that it applies even less to an event that transpired before the bankruptcy than subsequent to. And that's our dilemma. Would you prefer to have leave to brief this particular issue from both sides and submit that? It wouldn't have to be anything significant." *Id.*

48. Instead of telling the state court that filing an argument, or making U Lock make an argument, would violate the stay, Biros' counsel told the court: "On the one hand, I would love the opportunity to do that. I'm also reluctant to cause my client to have to spend more money to respond to argument[s] which I believe are nonsense. I have no problem, if Your Honor would like, I can get the citation and any cases and provide them to both you and Mr. Roth." *Id.*

49. On May 24, 2022, Biros submitted a letter brief to the Court of Common Pleas encouraging the judge to continue the case against U Lock as to the Order granting possession and levy dated May 13, 2022. Biros argued to the Court of Common Pleas that an exemption to the stay may apply. Biros attached 35 pages of case law. *See* Exhibit R.

50. On June 1, 2022, Biros sent by email a letter to the Court of Common Pleas judge stating, *inter alia*, "Several documents have been filed in [the bankruptcy] case which appear to cast your actions in the *Biros v. U Lock* case in a negative light.  Since I have seen no indication that U Lock's attorney J. Allen Roth, Esq., has provided copies of these filings to you, as a matter of courtesy, I have elected to correct this oversight by providing them to you for your information." *See* Exhibit C.  Attached to the letter was all of the briefs from this Court, the Declaration of George Snyder as to the garbage truck incident, and various bankruptcy filings.  *See* Exhibit S.
51. At the hearing on June 2, 2022, the United States Bankruptcy Court stated that, "I am also going to find the May 13, 2022 writ of possession order to be void," however, it did not enter a formal order declaring it void.
52. On June 3, 2022, the United States Bankruptcy Court for the Western District of Pennsylvania granted Biros limited relief from the automatic stay. *See* Entry 36.

## COUNT I – Automatic Stay Violations

53. Paragraphs 1 through 52 above are hereby incorporated by reference and are realleged as if fully set forth again.
54. The conduct above, in its totality, constitutes a pattern of willful violations of the automatic stay imposed pursuant to 11 USC 362 in the bankruptcy case and constitute contempt of court.
55. U Lock has been damaged in that it has had to respond to hearings, prepare defenses, file appeals, purchase transcripts, and incur post-stay attorney fees reviewing and responding to the various matters in a case that should have been stayed.
56. Biros acted willfully and in bad faith with respect to the automatic stay.

**WHEREFORE**, Plaintiff U Lock Inc. respectfully demands that this Court enter judgment in its favor and against Christine Biros in an amount to be proven at trial for actual damages, compensatory damages, punitive damages, and reasonable attorney fees accrued as a result of the stay violations and in prosecuting this adversary action, along with costs, filing fees, and declaratory judgment as follows:

a. That all of the Court Orders entered by the Court of Common Pleas of Westmoreland County in the case of *Christine Biros v. U Lock Inc*, on May 13, 2022, are *void ab initio* and without effect;

b. That all of the hearings, orders, opinions, pronouncements, and directives occurring in the Court of Common Pleas of Westmoreland after this bankruptcy proceeding was filed are *void ab initio*;

c. That Biros' May 18, 2022, letter to the Court of Common Pleas setting a hearing in a case that U Lock was a party to constitutes a willful violation of the automatic stay;

d. That Biros' moving forward with the May 20, 2022, hearing constitutes a willful violation of the automatic stay;

e. That Biros' conduct at the May 20, 2022, hearing, including suggesting to the state court that the stay did not exist, and asking the state judge to issue an order to help Biros with the bankruptcy court constituted a violation of the automatic stay;

f. That Biros' May 24, 2022, letter brief to the state court constitutes a willful violation of the automatic stay;

g. That Biros' June 1, 2022, letter to the state court constitutes a willful violation of the automatic stay;

h. That the totality of Biros' violations of the automatic stay were willful and done with improper intentions; and

i. That Biros' willful conduct, in totality, or individually, constitutes contempt of court.

                                                                          Respectfully submitted,

                                                                     */s/ J. Allen Roth, Esq.*
                                                                     J. Allen Roth, Esq.
                                                                     805 S. Alexandria Street
                                                                     Latrobe PA  15650
                                                                     (724) 537-0939

                                                                   COUNSEL FOR DEBTOR-PLAINTIFF