EXHIBIT A – PROPOSED INTERVENORS COMPLAINT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : <br> ULOCK INC. <br> Debtor(s). | Case No. 2:22-20823-GLT <br> Chapter 07 |

―-------------------------------------------------------------------------------------------------------

| | |
|---|---|
| U LOCK INC., <br>       Plaintiff, <br> SHANNI SNYDER, <br>       Intervenor, <br>   v. <br> CHRISTINE BIROS, <br>       Defendant, <br> WILLIAM OTTO, <br>       Additional Defendant. | Adv No. 2:22-ap-2048 |

―-------------------------------------------------------------------------------------------------------

### (PROPOSED) INTERVENORS COMPLAINT

Intervenor Shanni Snyder, *pro se*, files this, her Intervenors Complaint against Christine Biros and William Otto and states:

1. On August 1, 2022, U Lock Inc. filed a Complaint. The document is filed at Entry 1. That Complaint, and all attachments and exhibits, are hereby incorporated by reference and realleged as if fully set forth again.

2. The following allegations are in addition to the allegations Docket Entry 1:

3. The Intervening Plaintiff is Shanni Snyder, an individual.

4. Additional Defendant is William Otto ("Otto"), an individual with a mailing address of 4027 Old William Penn Highway, Murrysville, PA 15668.

5. Intervening Plaintiff sues Defendant Christine Biros and Additional Defendant Otto for the stay violations contained in the Complaint filed at Entry 1.

6. Additional Defendant Otto wilfully caused, aided, abetted, and facilitated the automatic stay violations attributed in the Complaint to Christine Biros.

7. Intervening Plaintiff avers that the allegations in said Complaint incorporated by reference and this Intervenors Complaint are core and, therefore, this Court maintains jurisdiction. Intervening Plaintiff consents to final entry of judgment by the bankruptcy court. *Lodge v. Kodaur Capital*, 750 F3d 1263 (11th Cir. 2014).

8. Intervening Plaintiff presently has a judgment against U Lock Inc. valued at in excess of $266,000. However, a portion of the judgment may be owned by the Trustee in the Estate of Shanni Snyder. Nevertheless, at least 461/1506ths of the judgment belongs exclusively to the Intervening Plaintiff.

9. Intervening Plaintiff maintains standing as an individual personally damaged by the bankruptcy stay violations because they caused her extreme stress and nervousness considering that representations were made to a state court judge about her, including telling the judge that Shanni Snyder's pleadings in this court cast the judge's actions in a negative light, which was meant to prejudice the judge. In addition, without Shanni Snyder being able to respond, the Defendant and Additional Defendant made various representations to the state court judge at the hearing of May 20, 2022, relating to her.

10. Intervening Plaintiff maintains standing as a creditor as the automatic stay violations affect the value of the estate and could subject it to a reduced value or increase its administrative costs. *St. Paul Fire & Marine Insurance v. Labuzan*, 579 F.3d 533 (5th Cir. 2009).

11. The wilful automatic stay violations asserted in the Complaint, which were done by Christine Biros and William Otto, damaged Intervening Plaintiff.

12. The automatic stay violations were willful, deliberate, and done with improper purposes.

WHEREFORE, Intervening Plaintiff respectfully demands that this Court declare that the actions of Christine Biros and William Otto constitute willful violations of the automatic stay and award damages, compensatory damages, punitive damages, costs, fees, and any other relief that may be granted.

Respectfully submitted,

_____
Shanni Snyder

CERTIFICATE OF SERVICE

       I, Shanni Snyder, served the following persons on the 4th day of August 2022 by mailing a copy of the foregoing documents and this notice to the following persons:

Christine Biros

c/o Bernstein-Burkley, P.C.
Sarah E. Wenrich
601 Grant Street, 9th Floor
Pittsburgh, PA 15219

**Office of the United States Trustee**
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

**William Otto**
4027 William Penn Highway
Murrysville PA  15668

**Robert H. Slone, Trustee**
223 South Maple Avenue
Greensburg, PA 15601

**Charles O. Zebley, Jr.**
P.O. Box 2124
Uniontown, PA 15401

**J. Allen Roth, Esq.**
805 S Alexandria Street
Latrobe PA  15650

_____
Shanni Snyder

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: :                                              Case No. 2:22-20823-GLT
ULOCK INC.                                            Chapter 07
Debtor(s).

―-------------------------------------------------------------------------------------------------------
U LOCK INC.,                                          Adv No. 2:22-ap-2048
          Plaintiff,
     v.
CHRISTINE BIROS,
          Defendant.
―-------------------------------------------------------------------------------------------------------


SHANNI SNYDER
Movant(s),


v. :                                                  Related to Dkt. No(s). 95

U LOCK INC.,
CHRISTINE BIROS,
WILLIAM OTTO,
ROBERT H. SLONE, TRUSTEE (U LOCK)
CHARLES O. ZEBLEY JR., TRUSTEE (Shanni Snyder)

Respondent(s).

NOTICE OF HEARING AND RESPONSE DEADLINE REGARDING MOTION OF
SHANNI SNYDER FOR LEAVE TO INTERVENE OR JOIN AND TO ADD PARTY

TO THE RESPONDENT(S):
You are hereby notified that the Movant seeks an order affecting your rights or
Property.  You are further instructed to file with the Clerk and serve upon the undersigned
attorney for Movant a response to the Motion by no later than August 21, 2022
(i.e., seventeen (17) days after the date of service below), in accordance with the Federal
Rules of Bankruptcy Procedure, the Local Rules of this Court, and the general procedures of
the presiding judge as found on the Court's webpage at www.pawb.uscourts.gov. If you fail to
timely file and serve a written response, an order granting the relief requested in the Motion
may be entered and the hearing may not be held. Please refer to the calendar posted on the
Court's webpage to verify if a default order was signed or if the hearing will go forward as
scheduled. You should take this Notice and the Motion to a lawyer at once.

An in-person hearing will be held on September 9, 2022, at 11:00 a.m. before Judge Gregory L. Taddonio in Courtroom A, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA, 15219. In accordance with Judge Taddonio's procedures, parties may appear for non-evidentiary matters remotely by utilizing the Zoom video conference platform.

Parties seeking to appear remotely must register for the hearing by submitting a registration form via the link published on Judge Taddonio's website (which can be found at http://www.pawb.uscourts.gov/judge-taddonios-video-conference-hearing-information) by no later than 4 p.m. on the business day prior to the scheduled hearing. All parties participating remotely shall comply with Judge Taddonio's General Procedures, (which can be found at http://www.pawb.uscourts.gov/sites/default/files/pdfs/glt-proc.pdf).
Parties who fail to timely register for remote participation will be expected to
attend the hearing in person. Only a limited time of ten (10) minutes is being provided on the calendar. No witnesses will be heard. If there is an issue of fact, an evidentiary hearing will be scheduled by the Court for a later date.

August 3, 2022

_____
Shanni Snyder
14390 Route 30
North Huntingdon PA  15642
412-206-6850
shannis@pm.me

CREDITOR